**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD HENRIES,  :  | |
| : | Civil No. 06-4877 (JLL) |
| Petitioner,  : | |
| : | |
| v.  : | |
| : | **O P I N I O N** |
| KAREN HOGSTEN, et al.,  : | |
| : | |
| Respondents.  : | |

**APPEARANCES:**

Edward Henries, Pro Se
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

**LINARES, District Judge**

Petitioner, Edward Henries, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court finds that it will be dismissed because Petitioner is not "in custody" for purposes of § 2254 review. Alternatively, the petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1).

**BACKGROUND**

Petitioner is currently serving a 240-month federal sentence in a federal facility in Pennsylvania. He seeks to challenge a previous sentence imposed by the Superior Court of New Jersey, Law Division, after Petitioner pled guilty to possession with

intent to distribute, for which he served 32 days incarceration and two years probation.  The judgment of conviction on the state law sentence is dated January 11, 1991.  Petitioner did not appeal that sentence; however, in May of 2006, he filed at least one post-conviction relief petition ("PCR") in the trial court, which was denied.  Also, on October 13, 2005, Petitioner filed in this District Court a motion to vacate, set aside, or correct his federal sentence, pursuant to 28 U.S.C. § 2255.  That motion remains pending.

In this petition, as argued in his PCR petition(s) and his pending § 2255 motion, Petitioner asserts that he was denied effective assistance of counsel in entering his state court guilty plea.  Petitioner states that the improper state conviction continues to injure him, as the state conviction improperly enhanced his current federal sentence.

## DISCUSSION

**A.    Standard of Review**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

**B.   Custody Requirement**

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added.)

A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has stated, "custody is the passport to federal habeas corpus jurisdiction."  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).  The Court noted that the relevant language of 28 U.S.C. § 2254(a) generally requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," citing

3

Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Further, the Court explained that "custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole. Maleng, 490 U.S. at 491; see also Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement). Nonetheless, the Court noted that it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491.

In this case, Petitioner's state sentence which he seeks to attack expired long before the filing of this habeas petition. Thus, Petitioner has not demonstrated that he is "in custody" under that state sentence for purposes of habeas review.[1]

---

[1] The Court notes that in Young v. Vaughn, the Court of Appeals for the Third Circuit held that when a district court is faced with a habeas petition challenging an expired state sentence, the court should construe the petition as challenging Petitioner's current sentence if the expired state sentence was used to enhance the current sentence. See 83 F.3d 72, 73, 76-79 (3d Cir.), cert. denied, Abraham v. Vaughn, 519 U.S. 944 (1996). However, even if this Court were to construe the Petition as a challenge to Petitioner's current sentence, challenges to federal sentences are properly raised in motions under 28 U.S.C. § 2255. In this case, Petitioner has filed such a motion addressing the within issues, which is pending in this District Court. See Henries v. United States, Civ. Action No. 05-5013 (JCL). Thus, the asserted claims are more properly litigated in that action as opposed to this habeas petition filed under 28 U.S.C. § 2254. See, e.g., Birdsell v. Alabama, 834 F.2d 920, 922 (11th Cir. 1987).

**C.    Statute of Limitations**

Alternatively, Petitioner's request for habeas corpus relief appears to be time-barred from the face of the petition. According to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, Petitioner had one-year from the date his conviction became final to file his petition for a writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).[2]  In this case, Petitioner's judgment of conviction is dated January 11, 1991. Petitioner chose not to appeal the judgment of conviction. Because Petitioner's conviction became final before April 24, 1996, the effective date of the AEDPA, Petitioner had one year,

---

[2]    Title 28 of the United States Code, section 2244(d)(1), creates a one-year statute of limitations on habeas corpus petitions and reads in pertinent part:

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

or until April 23, 1997, to file his petition for a writ of habeas corpus.  See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).  The instant petition was filed on October 11, 2006.[3]  Thus, the petition appears to be time-barred.

**D.   Certificate of Appealability:   28 U.S.C. § 2253.**

Because the AEDPA would govern the conditions of an appeal to this decision by Petitioner, he is required to seek a certificate of appealability ("COA") to obtain Third Circuit review of this dismissal.  See Slack v. McDaniel, 529 U.S. 473, 482 (2000).  In Slack, the Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. at 484.  This two-part standard governs when the subject of a possible appeal would be the district court's procedural bar, and not the merits of the constitutional claims.  See Walker v. Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

---

[3] The statute of limitations period is tolled during the pendency of state post-conviction relief applications; therefore, this period does not count toward the one-year calculation.  See 28 U.S.C. § 2244(d)(2).  However, in this case, Petitioner did not file his PCR petition until well after the time the statute of limitations had already run.  Thus, the tolling provision does not help Petitioner establish a timely habeas petition.

In this case, reasonable jurists would not find it debatable that the court lacks jurisdiction to review this petition, or alternatively, that the petition is time-barred. Thus, no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253.

## CONCLUSION

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed. An appropriate Order accompanies this Opinion.

The Court further finds that no certificate of appealability will issue because the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253 and Slack v. McDaniel, 529 U.S. 473 (2000).


　　　　　　　　　　　　　　　　　　　　 /s/ Jose L. Linares
　　　　　　　　　　　　　　　　　　　　JOSE L. LINARES
　　　　　　　　　　　　　　　　　　　　United States District Judge


Dated: October 27, 2006